By the Court,
Monell, J.
The judgment in this case must be reversed under the authority of Davidson v. The Mayor, decided at this term, (a) unless the objection, that it does not appear that the question on the final passage of the act was taken by ayes and noes, and entered on the journal, and that three fifths of all the members elected to either house, were present, was well taken.
In the view which I take of the question, it is not necessary to inquire whether the act of 1855 required the presence of three-fifths of the members elected to the legislature, at the time of its final passage. I assume that it did. The act of 1855 is a public act, and may be read in evidence from the volume printed under the direction of the secretary of state. (Laws, 1843, ch. 88.) It is not necessary to plead a public statute.
The objection that the act was not constitutionally passed, is not set up in the answer, and it seems to me it can be taken in no other way. The act of 1843 makes the printed volume evidence, and all a party, who claims a benefit under it need do, is to read it from the book, and the court is furnished with the evidence. If in its passage, the law has not received a constitutional vote, or for any other reason it has not been *277 passed, with the prescribed forms, the objection must be proved, and if necessary to be proved, must be averred in the pleadings.
But I regard the question as settled by People v. Supervisors of Chenango, (8 N. 7. Rep. 317.) The supervisors were directed by mandamus to issue warrants for the collection of the tax provided by the 17th section of the act of April 16, 1851. Without setting up in their return to the mandamus any informality in the passage of the act, they undertook to claim on the argument that it did not appear that the act had received the assent of two thirds of the members elected to each branch of the legislature, as required by'§ 9 of article 1 of the constitution. Mr. Justice Willard, who delivered the opinion of the court, says, (p. 234 :) “ Where the objection to the validity of. a law springs out of the failure of the legislature to comply with the provisions of the constitution, which is not apparent upon the act itself, it should be distinctly set forth in the pleadings.” The act of 1847, which is relied on by the respondents, (Laws 1847, p. 276,) is declared in the case just referred to, to be directory merely, It is there said that “ it is not competent for the legislature to make the failure of its officers to append the proper certificate defeat the provisions of the constitution.” And in Purdy v. The People, (4 Hill, 384,) it is said the courts must look behind the printed statute book in some way, to ascertain whether this constitutional provision has been complied with, and that the certificate of the secretary of state cannot be considered as conclusive upon the question that the law was passed by a constitutional majority. Under our present system of pleading, every defense must be stated, or evidence cannot be given in support of it. To allow the objection to be taken in the case before us would work great injustice. Being a surprise to the plaintiff, he could not at the trial furnish proof to sustain the law. For it is now understood that upon an inspection of the journals of the senate and assembly, it appears that all the requirements of the constitution were complied with.
We think the defense should have been set up in the answer, and is unavailable without it.
*278 The judgment should he reversed, and a new trial granted, with costs to abide the event. (a)
Garvin, J. concurred.
Hew trial granted.

 Ante, p. 230.

 On appeal the above judgment was affirmed by the Court of Appeals. (See 31 N. T. Rep. 164)